{¶ 63} Once again we are forced to return a prison inmate to the trial court for resentencing and to what may be an identical outcome. Davis's sentence was not "contrary to law" by being greater than the permissible range of incarceration for his several offenses. He faced imprisonment for 17 ½ years (8 each for robbery and burglary, both being felonies of the second degree, and 18 months for the fourth degree offense of receiving stolen property.) Instead, he was given a total prison term of 16 years. As the evidence showed at trial, and as it was "considered" by the trial judge, the victim was 90 years old and was victimized twice — robbed one day, burglarized in his home early the next morning, his property found with Davis the same day.
 {¶ 64} The transcript shows the trial judge's care in imposing Davis's sentence, later memorialized in the judgment entry. At sentencing, he begins his address to Davis by first explaining that he has obtained Davis's FBI and state records. He continues:
 {¶ 65} "As regards your recidivism, Mr. Davis, you now have eight, eight separate felony convictions. Eight. You've got three criminal misdemeanor convictions. You now have 11 criminal convictions. And what absolutely amazed me is that prior to the commission of these crimes for which the ladies and gentlemen of the jury found you guilty, you had previously been to prison five separate times. Five criminal convictions prior to these three. Now making a total of eight. Five former prison confinement sentences, and three misdemeanor criminal convictions for which jail time was done on certain of them. But to have eight — at your young age, to have eight felony convictions and five prior criminal convictions or prison terms, I should say.
 {¶ 66} "I get so upset when I review those numbers, and I was absolutely amazed when I got that documentation. And after having been to prison five previous times, how you would not follow, quote, the straight and narrow, I don't understand. It's just — it's just beyond me.
 {¶ 67} "And then seeing that gentleman, Mr. Crosby, that Mrs. Coleman just brought up here. With all your strength. And that man, God love him, 90 pounds he testified, 90 pounds. It's just unbelievable to rob the man, to burglarize his home, and to steal his property.
 {¶ 68} "The Court after taking all of that into consideration, makes the following orders and sentences." (emphasis added) [the court next refers to R.C. 2929.19, Crim. 32, and R.C. 2929.11, 2929.12 and2953.08.]
 {¶ 69} "The Court finds pursuant to Revised Code 2929.14(C) that the defendant poses the greatest likelihood of recidivism, and therefore, imposes the maximum sentence as regards Count 1.
 {¶ 70} "The Court further finds that pursuant to Revised Code2929.13(B), defendant, as I just stated, has served previous prison terms.
 {¶ 71} "The Court finds that pursuant to Revised Code 2929.11, that defendant's criminal history requires consecutive sentences." [The court then imposes the prison terms, explains post release terms, and gives custody credit as required.]
 {¶ 72} "Defendant is ordered to pay all costs of prosecution and any fees permitted pursuant to Revised Code 2929.18(A)(4). " [The court concludes the hearing by giving Davis notice of the right to appeal and appointment of counsel. After inquiry by the judge, neither counsel requested anything further.]
 {¶ 73} The sentencing judge recited enough during the sentencing hearing to pass the hurdles for imposing a maximum term for robbery and to give more than a minimum term for burglary and receiving stolen property. The sole problem was the judge simply did not say certain magic words for consecutive sentences at the moment of sentencing: i.e. that "consecutive sentences are necessary to protect the public from future crime or to punish the offender" and that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Those findings themselves, however, are found within the sentencing entry — where a court formally speaks when the entry is journalized. Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 58 O.O. 51, paragraph three of syllabus.
 {¶ 74} The statute governing imposition of consecutive sentences, R.C. 2929.14(E)(4), currently provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 75} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 76} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 77} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 78} The judgment entry of Davis's sentence referred to R.C.2929.11 (which states the overriding purpose of sentencing is to "punish and protect") as well as the language required by R.C. 2929.14(E)(4) and the choice of subsection (c) (criminal history requires consecutive sentences). The Supreme Court of Ohio, however, in State v. Comer,99 Ohio St. 463, 2003-Ohio-4165 recently has held that findings required to be "on the record" mean "oral findings * * * at the sentencing hearing" Id. at ¶ 26. In doing so, it has espoused a view of felony sentencing that holds that a trial judge's substantial compliance with the complicated statutes along with complete judgment entries is not enough.
 {¶ 79} The felony sentencing statutes were not designed to hamper a judge's exercise of discretion within the parameters of a range for a particular felony. See, State v. Arnett, (2000) 88 Ohio St.3d 208
(unanimous opinion upholding judicial discretion in sentencing.) Nevertheless, particularly in courts handling a high volume of cases, the pitfalls that Comer has now created may cause more sentences such as Davis's to be returned for a mere recitation of statements "on the record" Surely the General Assembly did not intend for the court's discretion to be bound up in mere formalities such as this.
 {¶ 80} I must concur with reversal and remand on the limited basis that two findings within R.C. 2929.14(E)(4) must be recited in light of Comer before consecutive sentences may be imposed, even though the specific language exists in the court's judgment entry. With respect to the majority's determination that the trial court erred by ordering Davis to pay unspecified fees and costs, I cannot agree. As noted above, the court did not say at the sentencing hearing that it was imposing fees for restitution or court appointed counsel costs. It merely ordered "all costs of prosecution and any fees pursuant to R.C. 2929.18(A)(4)." If we are to follow Comer with respect to the "record" being the sentencing hearing itself, rather than the judgment entry, it appears that the second assignment of error would not be well-taken. I therefore concur with the first, third and fourth assignments of error and respectfully dissent as to the second.